LYON v. COLEMAN et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

MASTER AND SERVANT—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

Where a brakeman knows that the train is to pass between upright posts supporting a stone crusher, and that boxes on a flat car project so far as to render it probable that they will be struck by the posts in passing, but he remains in such a position that, when the car passes the posts, the boxes are pushed back against him, he is negligent, and cannot recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 706–709.]

Appeal from Trial Term, Westchester County.

Action by Frank W. Lyon against James S. Coleman and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

David McClure, for appellants.

George C. Andrews (Frederick A. Russell, Jr., on the brief), for respondent.

MILLER, J. The defendants appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial, in an action brought to recover damages for personal injuries, alleged to have resulted from the negligence of the defendants, the plaintiff's masters. The defendants were contractors engaged in the construction of the Croton dam. The plaintiff was a brakeman employed on a train running on a narrow-gauge road in a circle to and from a stone crusher. On the day of the accident a train, consisting of an engine and two flat cars—the one next to the engine loaded with boxes and the other one empty—was backing downgrade toward the crusher. The plaintiff was standing on the step of the engine near the brake at the end of the loaded car. The crusher was over, and supported by uprights on either side of, the tracks. As the loaded car passed under the crusher, the boxes projecting over its side came in contact with the uprights and were pushed back upon the plaintiff, causing the injuries complained of. The plaintiff knew that the uprights were only from six to eight inches from the tracks. He noticed, when the train was one-eighth of a mile from the crusher, that the boxes overhung so far as to render it likely that they would hit the uprights if the train passed between them; and, although it is stated in the respondent's brief that the plaintiff did not know that the train was to go between the uprights, he testified that he did know it. The court charged the jury, inter alia, as follows:

"The plaintiff says that, when the train had gone a part of the distance between the starting point and the stopping point, he observed that the boxes had shifted, and he then knew that there was danger of the overhanging part of the box, or boxes, coming into contact with the stanchions. In other words, he says that when the car was halfway down to the stone crusher he realized the danger of just such an accident happening as did happen. Gentlemen, if that is correct, and if it is true that he could have avoided the acci-

dent—that he, realizing the danger, could have prevented the accident by getting out of the place of danger, or by signaling to the engineer to stop—it was his duty so to do, and if he failed in that duty it was negligence on his part."

It is not pretended that the plaintiff did a thing to avert the accident which, according to his own testimony, he knew was likely to happen. The evidence is that the train was backing at the rate of five or six miles an hour. It must be assumed that the jury found that the plaintiff could not have prevented the accident after discovering the danger, either by getting out of the place of danger or by signaling to the conductor to stop. But there is not a particle of evidence to show that it was impracticable for him to do either of those things. The plaintiff had to prove his freedom from contributory negligence, and we are unable to find in the evidence any basis for a finding that he could not have done what appears to have been entirely practicable.

Accepting the charge of the court as the law of the case, the motion to dismiss should have been granted for failure on the plaintiff's part to prove his freedom from contributory negligence; hence it is unnecessary to consider the other questions urged by the appellants.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.